JOHN WATKINS *et al.* v. CHARLES G. PIERSON *et al.*
No. 84.

FORECLOSURE—*No Conflict of Jurisdiction.*    The decree in this case examined, and *held* to be equitable to all parties in the case, and not in conflict with article 3 of the constitution of the United States, or with the jurisdiction of the circuit court of the United States for the district of Kansas.

MEMORANDUM.—Error from Franklin district court; A. W. BENSON, judge.    Action by Charles G. Pierson

against John Watkins and others to recover on a promissory note and mortgage. Judgment for plaintiff. Defendants Watkins and wife bring the case to this court. Affirmed. The opinion herein, filed May 8, 1896, states the material facts.

*Edwin A. Austin,* for plaintiffs in error.

*Beardsley, Gregory & Flannelly,* for defendants in error.

The opinion of the court was delivered by

COLE, J.: This was an action brought by Charles G. Pierson in the district court of Franklin county upon a note and mortgage given by Timothy Kerney. Plaintiffs in error, John Watkins and Queen Watkins, and defendants in error C. C. Elkins and the Mutual Benefit Life Insurance Company, were also made defendants in said action. It was tried before the court, and a decree rendered adjudging that John Watkins was the legal owner of the land in controversy, and that his grantor was the legal owner at the date of the execution and delivery of the several mortgages in question in the case. The court also found certain sums due to Charles G. Pierson, the Mutual Benefit Life Insurance Company and C. C. Elkins from Timothy Kerney, upon certain notes and mortgages executed by Timothy Kerney to said parties, in the order named, said mortgages having been given upon the real estate which the court adjudged was the property of John Watkins. The court further found that said John Watkins had recovered a judgment in an action in the nature of ejectment against said Timothy Kerney in the circuit court of the United States for the district of Kansas, and that in said action said Timothy Kerney claimed certain amounts due him for

taxes paid upon said land and for improvements placed by him thereon during occupancy thereof, and which claims had been held by the United States circuit court to be true and justly due him, but the exact amount of which has not yet been determined.

The court decreed that the defendants in error, Pierson, Elkins, and the Mutual Benefit Life Insurance Company, were entitled to have their claims paid so far as possible out of the moneys found due from Watkins to Kerney for taxes and improvements, and that, if the said Watkins should fail to make payment for taxes and improvements, and by reason of such failure the right of Watkins should be barred in said real estate, or if by the order of the United States circuit court said land should be sold to satisfy the lien or claim of Kerney for taxes and improvements, and should be bought in by Kerney, or any one for him, then, in that case, his title should inure to the benefit of the three incumbrancers above named, and that thereafter an order of sale should issue directing the sheriff of Franklin county to sell the real estate in question according to law, and, out of the proceeds, after the payment of the costs of this action, satisfy the judgments of said incumbrancers. The plaintiffs in error excepted to this decree and are here complaining of the same. They contend that it was beyond the jurisdiction of the district court of Franklin county to make such a decree, and that the same attempts to interfere with, and usurp, the powers of the federal court which rendered the decree in the action in ejectment between Watkins and Kerney.

After a careful examination of the record, as well as the decree made in this case, we are clearly of the opinion that this decree should stand. It appears from the record that the defendant Kerney had been

for some time in possession of the real estate in question, under a supposed good title, and had, in good faith, executed the mortgages sued upon in this case. During his occupancy he had paid the taxes and erected certain improvements upon the land. In the action in ejectment brought in the United States circuit court it was determined that Watkins was the legal owner of said land, but that the claim of Kerney for improvements and taxes was a just one, and must be paid by Watkins before possession could be obtained by him. By these undisputed facts it appears that Kerney had a certain interest in said lands, inferior, it is true, to the title of Watkins, but nevertheless in a certain sense an interest in the lands, because by the said decree of the United States circuit court the title of Watkins could not be perfected by possession until the claim of Kerney had been satisfied. Whatever interest Kerney had in the premises the defendants in error were certainly entitled to have inure to their benefit, and we are unable to discover how plaintiffs in error could in any manner be injured thereby. The decree was carefully drawn, and abstains *ex industria* from interfering with the rights of Watkins. It was only after the decree of the United States circuit court was perfected, and the rights of Kerney and Watkins fully determined, that the district court of Franklin county attempted to decree what should be done in the premises.

Nor do we see how this decree is in violation of article 3 of the constitution of the United States, for it in no manner attempts to interfere with United States courts, or with any order made by any of them. This was an equitable proceeding, and the powers of a court of equity will be exercised to their fullest extent to protect the rights of all parties who

are before the court with clean hands.   It appears to us that the decree was just and reasonable, and that none of the parties to the action has any cause of complaint.

The judgment of the district court is affirmed.

All the Judges concurring.